Argued February 13, affirmed March 4, 1959

# STATE OF OREGON (Veterans' Affairs) *v.*
## HILKEY ET AL
### 335 P. 2d 842

*Stuart W. Hill,* Portland, argued the cause for appellant. On the briefs were Tooze, Kerr, Hill, Dougherty & Tooze, Portland.

*T. H. Ryan* and *Harry V. Benson,* Portland, argued the cause for respondents. On the briefs were Ryan & Pelay and Benson & Benson, Portland.

Before McAllister, Chief Justice, and Lusk, Warner and Sloan, Justices.

PER CURIAM.

This is a suit to foreclose a mortgage on real property given to secure a loan made out of the Oregon War Veterans' Fund. ORS 407.010, et seq. The circuit court sustained a demurrer to the third amended complaint, plaintiff refused to plead further, and the court entered a decree dismissing the suit, from which the plaintiff appeals.

On the argument, counsel for plaintiff conceded that the only real issue between the parties was whether two items, one of $65.00 and the other of $100.00, which the plaintiff had attempted to add to the mortgage indebtedness and which the defendants had refused to pay, were proper charges, and whether such refusal constituted a default under the terms of the mortgage.

The sum of $15.00 included in the charges was for the cost of a title report obtained by the plaintiff preparatory to bringing suit to foreclose which would have been based on the ground that the mortgagors had breached a covenant in the mortgage by conveying

the mortgaged property to a grantee who did not assume the covenants of the mortgage, contrary to the provisions of ORS 407.070. The balance of the charges comprises two attorneys' fees, one in the sum of $50.00 and the other in the sum of $100.00, paid by the plaintiff to its attorney for services in procuring the necessary assumption agreement to be executed by the grantee, thus correcting the default.

Plaintiff relies on the following provision of the mortgage:

"Should the mortgagor be or become in default in any of the covenants or agreements herein contained, then *the mortgagee* (whether electing to declare the whole indebtedness hereby secured due and payable or not) *may,* at his option, *perform the same in whole or in part,* and all expenditures made by the mortgagee in so doing shall draw interest at the rate of four percent per annum, and all such expenditures shall be immediately repayable by the mortgagor without demand, and together with interest and costs accruing thereon, shall be secured by this mortgage." (Italics added.)

We agree with the circuit court that the foregoing provision does not apply to performance by any other party than the mortgagee itself, or to the cost of obtaining a title report, and therefore that the charges claimed are unwarranted.

■ Notwithstanding the concession concerning the issues, to which we have referred, it is argued in the plaintiff's brief that the complaint alleges defaults in the monthly payments called for by the mortgage. If there is such an allegation at all, it is made only by indirection. The complaint clearly alleged that "the said sums of $65.00 and $100.00 have never been paid to the plaintiff by any of the defendants." There is no similar allegation regarding the monthly install-

ments, but only a reference to an exhibit attached to the complaint which, it is averred, "is a correct statement of the credits and debits *properly allowable and chargeable* to the said indebtedness." (Italics added.) That might be sufficient in other circumstances, but in the face of defendant's demurrer, it must be taken as nothing more than the conclusion of the pleader.

In short, the complaint fails to allege a default on the part of any of the defendants, and, therefore, does not state a cause of suit, and the decree is affirmed.